# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX P. SORIA,<br><br>    Defendant. | Case No. 2:11-cr-00156-LDG (NJK)<br>Case No. 2:13-cv-00257-LDG<br><br>**ORDER** |

The defendant, Alex P. Soria, has filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody (#141). The motion asserts eight grounds for relief. Having reviewed each of the grounds, it plainly appears from the motion and the record of prior proceedings that the defendant is not entitled to any relief. Accordingly, the Court will dismiss the motion.

In his first and fourth grounds for relief, the defendant asserts his first counsel's conflict of interest denied him due process and a fair hearing, and rendered the assistance of counsel ineffective. He further asserts his second counsel, appointed to replace the first, was not supportive or encouraging to proceed with trial. The defendant's asserted facts reference a motion brought by the defendant on the eve of the scheduled start of trial, seeking to dismiss his first counsel. The defendant asserted, in his motion and in a hearing

held on the motion, that his first counsel had a conflict of interest arising from his membership in an organization to which four of the prosecution's witnesses belonged. At the hearing, the defendant acknowledged that he had been aware of this asserted conflict of interest for nearly a year. The Court granted the defendant's motion, appointed new counsel, and continued the trial to allow new counsel adequate time to prepare for trial.

In his present motion, the defendant now argues that, as a result of the mental anguish and torment caused by this event, he opted to not proceed with a full-blown trial.

The defendant, despite having delayed and waited until the eve of trial, obtained the relief he sought: the appointment of new counsel. The necessary outcome of waiting to bring such a motion until the eve of trial is a delay in the trial. The record of prior proceedings plainly establishes he is not entitled to relief on these grounds for relief.

In his second ground for relief, the defendant asserts his conviction was obtained in violation of the privilege against self-incrimination. He concedes he voluntarily participated in interviews with officials of the Social Security Administration. That he was not advised that the information he voluntarily provided might be used to secure a conviction against him is of no moment, as the defendant's motion reveals he was not in custody when he provided the information. He is not entitled to relief on this ground.

Construed liberally, the defendant's third ground for relief appears to assert that, for a variety of reasons, he should not have been criminally prosecuted. None of the assertions warrant relief pursuant to §2255.

In his fifth ground for relief, the defendant asserts he was prosecuted because the FBI was investigating the Office of the U.S. Attorney for Nevada concerning an unrelated matter. The motion plainly establishes the defendant is not entitled to relief on this ground.

In his sixth ground for relief, the defendant asserts he was prosecuted because of his race and disability. The record of proceedings (including the defendant's plea of guilty, and the facts he admitted in connection with his plea) establishes that the defendant was

prosecuted because he engaged in substantial gainful employment, some of which was unlawful, while receiving Social Security Disability benefits.

In his seventh claim for relief, the defendant argues he has been subjected to double jeopardy because Nevada brought a criminal action against him involving some of the victims whose losses were counted in this Court's determination of the restitution owed by the defendant. That Nevada is prosecuting the defendant for state offenses related to some of his federal offenses does not entitle the defendant to relief from his federal conviction and sentence.

Finally, the defendant argues that, due to his physical condition, the sentence imposed upon him constitutes cruel and unusual punishment. He further complains that other people have committed more serious offenses and have received lighter sentences. The record of prior proceedings establishes that the Court was well-aware of the defendant's condition at the time of sentencing. The defendant's sentence does not constitute cruel and unusual punishment. Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#141) is DISMISSED;

THE COURT FURTHER **ORDERS** that Defendant's Motion for Status (#146) is DENIED as moot.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the Defendant.

DATED this _15_ day of April, 2014.

Lloyd D. George
United States District Judge

3